**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 14-4321**

UNITED STATES OF AMERICA,

              Plaintiff - Appellee,

       v.

JEROME JERRELL JACKSON,

              Defendant - Appellant.

Appeal from the United States District Court for the Middle District of North Carolina, at Greensboro.  James A. Beaty, Jr., Senior District Judge.  (1:13-cr-00324-JAB-1)

Submitted:  October 21, 2014          Decided:  October 23, 2014

Before SHEDD, DUNCAN, and FLOYD, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Louis C. Allen, Federal Public Defender, John A. Dusenbury, Jr., Kathleen A. Gleason, Assistant Federal Public Defenders, Greensboro, North Carolina, for Appellant.  Timothy Nicholas Matkins, Special Assistant United States Attorney, Greensboro, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Jerome Jerrell Jackson appeals the 124-month sentence imposed by the district court following his guilty plea to interference with commerce by robbery, in violation of 18 U.S.C. § 1951(a) (2012), and brandishing a firearm during and in relation to a crime of violence, in violation of 18 U.S.C. § 924(c)(1)(A)(ii) (2012). In accordance with Anders v. California, 386 U.S. 738 (1967), Jackson's counsel has filed a brief certifying that there are no meritorious grounds for appeal but questioning whether Jackson's sentence is substantively reasonable. Although notified of his right to do so, Jackson has not filed a pro se supplemental brief. We affirm.

We review Jackson's sentence for reasonableness, using "an abuse-of-discretion standard." Gall v. United States, 552 U.S. 38, 51 (2007). We must first review for "significant procedural error[s]," including "improperly calculating[] the Guidelines range, . . . failing to consider the [18 U.S.C.] § 3553(a) [(2012)] factors, selecting a sentence based on clearly erroneous facts, or failing to adequately explain the chosen sentence." Gall, 552 U.S. at 51; United States v. Evans, 526 F.3d 155, 161 (4th Cir. 2008). Only if we conclude that the sentence is procedurally reasonable may we consider its

2

substantive reasonableness.  United States v. Carter, 564 F.3d 325, 328 (4th Cir. 2009).

Here, the record reveals no procedural or substantive error in Jackson's sentencing.  The district court properly calculated Jackson's Guidelines range and adequately explained the reasons for imposing a within-Guidelines sentence, which we presume to be substantively reasonable.  See United States v. Louthian, 756 F.3d 295, 306 (4th Cir. 2014), petition for cert. filed, __ U.S.L.W. __ (U.S. Sept. 18, 2014) (No. 14-336).

In accordance with Anders, we have reviewed the entire record and have found no meritorious grounds for appeal.  We therefore affirm the district court's judgment.  This court requires that counsel inform Jackson, in writing, of his right to petition the Supreme Court of the United States for further review.  If Jackson requests that a petition be filed, but counsel believes that such a petition would be frivolous, counsel may move in this court for leave to withdraw from representation.  Counsel's motion must state that a copy thereof was served on Jackson.  We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

AFFIRMED